# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### November 4, 2013 Session

## STANLEY DENNIS WATERS ET AL. v. BENNY JOE PENDERGRASS ET AL.[1]

### Appeal from the Circuit Court for Bradley County
### No. V-10-560    Lawrence H. Puckett, Judge

---

### No. E2013-00431-COA-R3-CV-FILED-SEPTEMBER 9, 2014

---

Stanley Dennis Waters ("the plaintiff"),[2] a detective with the Polk County Sheriff's Department, was seriously injured when the Polk County vehicle in which he was riding as a passenger was struck in the rear by a vehicle owned by one of the two named defendants and driven by the other named defendant (collectively "the Named Defendants"). The plaintiff's vehicle was being driven by the Sheriff of Polk County. The plaintiff and his wife sued the Named Defendants. Process and a copy of the complaint were served[3] upon two unnamed parties, Tennessee Risk Management Trust ("TRMT") and Markel Corporation[4] (collectively "the Unnamed Parties"). The suit against the Named Defendants was settled for the full amount of the liability limits of their respective casualty insurance policies. The plaintiffs seek to recover uninsured[5] motorist benefits from the Unnamed Parties. The plaintiffs and the Unnamed Parties filed motions for summary judgment. The trial court granted the motion of the Unnamed Parties and denied the plaintiffs' motion. The plaintiffs appeal. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court
### Affirmed; Case Remanded

---

[1]Mr. Pendergrass and Sam Allen, the Named Defendants, are no longer parties to this case.

[2]Carolyn Waters, the wife of the plaintiff Stanley Dennis Waters, is also a plaintiff. Her suit is a derivative one. When we refer to the plaintiff in the singular, we are referring to Mr. Waters.

[3]Two other unnamed insurance companies were also served with process and a copy of the amended complaint. Both were dismissed from this suit because each policy had uninsured limits that were less than the amount of the plaintiffs' settlement with the Named Defendants.

[4]In the record, this entity is variously referred to as "Markel," "Markel Ins. Co.," or "Markel Corporation." We are unsure as to the correct name, We have decided to refer to it as "Markel Corporation."

[5]As used in this opinion, the word "uninsured" includes "underinsured" coverage.

CHARLES D. SUSANO, JR., C.J., delivered the opinion of the Court, in which D. MICHAEL SWINEY and THOMAS R. FRIERSON, II, JJ., joined.

Joshua H. Jenne, Cleveland, Tennessee, for the appellants, Stanley Dennis Waters and wife, Carolyn Waters.

W. Carl Spining and T. William A. Caldwell, Nashville, Tennessee, for the appellees, Tennessee Risk Management Trust and Markel Corporation.

## OPINION

The parties stipulated to certain facts. The relevant portion of those facts, as pertains to the issue before us, is as set forth below:

\* \* \*

On [August 4, 2009], the Polk County Government insured the vehicle in which Plaintiff was a passenger pursuant to the terms of the "Coverage Document". . . .

\* \* \*

The losses and damages to Plaintiffs far exceed the $150,000 in underlying third party liability coverage obtained from the named defendants and therefore Plaintiffs have not been made whole.

Pursuant to the aforementioned "Coverage Document," [TRMT] has already paid certain amounts to Mr. Waters, as well as on his behalf, in worker's compensation benefits. These amounts far exceed the $150,000 in underlying third party liability coverage obtained from the named defendants.

The Certificate of Liability Insurance and/or Declarations Page regarding the "Coverage Document" provide[s] for $1 million in liability coverage and $1 million in uninsured/underinsured motorist coverage on the vehicle involved in the accident in question.

The Certificate of Liability Insurance and/or Declarations Page issued to Polk County is a "combination of self-insured retention and excess insurance provided by Markel [Corporation]," [an Unnamed Party].

(References to the record and paragraph numbering in original omitted.)  Furthermore, the record before us reflects that the named "member" on the Certificate of Liability Insurance is Polk County Government.  The insurance provided by TRMT includes uninsured motorist coverage.  *The insurance policy before us, however, does not extend uninsured coverage to employees of Polk County*.

The plaintiffs take the position that the TRMT is subject to the uninsured motorist coverage requirements of the Code, and, hence, required to make such coverage available to the plaintiffs.  The trial court held that the TRMT is not subject to those requirements.  That is the dispositive issue on this appeal.

This case was argued before us on November 4, 2013.  At that time, we were aware that the Supreme Court had granted permission to appeal in a similar case from our Court.  *See Harris v. Haynes*, E2012-02213-COA-R3-CV, 2013 WL 3486835 (Tenn. Ct. App. E.S., filed July 10, 2013).  We decided to hold this case in abeyance because the precise dispositive issue in this case was also present in the *Harris* case, *i.e.*,

> whether a governmental fund established in accordance with Tennessee Code Annotated sections 29-20-401 to -408 (2012), which allows governmental entities to pool resources in order to address liabilities created under the Governmental Tort Liability Act, is subject to the uninsured motorist coverage requirements of Tennessee Code Annotated sections 56-7-1201 to -1206 (2008).

(Supreme Court opinion in *Harris v. Haynes*, ___ S.W.3d ___, No. E2012-02213-SC-R11-CV, 2014 WL 4197931 at *1.)  On August 26, 2014, the Supreme Court released its opinion in *Harris*.  The Supreme Court held as follows:

> We hold that a governmental fund established in accordance with Tennessee Code Annotated sections 29-20-401 to -408, is exempt from the requirements of Tennessee's insurance statutes and therefore need not comply with the requirements of the uninsured motorist statute, Tennessee Code Annotated section 56-7-1201.  Because the Coverage Document TRMT issued to

-3-

> Anderson County specifically excluded employees and those who receive workers' compensation benefits from uninsured motorist coverage and TRMT is not otherwise required to offer such coverage, Plaintiffs may not recover from TRMT.

*Id*. at *5.

The Supreme Court's holding in ***Harris*** is a complete answer to the dispositive issue present in the case before us. As in ***Harris***, there is no uninsured coverage available to the plaintiffs under the Coverage Document. Furthermore, TRMT "is not otherwise required to offer such coverage." ***Id***.

The judgment of the trial court is affirmed. Costs on appeal are taxed to appellants Stanley Dennis Waters and Carolyn Waters. This case is remanded to the trial court, pursuant to applicable law, for collection of costs assessed by the trial court.

_____
CHARLES D. SUSANO, JR., CHIEF JUDGE